**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 15 2013, 9:11 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER WHIRL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1206-CR-516 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1106-FB-19

**March 15, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Christopher Whirl (Whirl), appeals the convictions entered and the sentence imposed after he pled guilty to Count I, conspiracy to commit robbery, a Class B felony, Ind. Code §§ 35-41-5-2; -42-5-1; Counts II-IV, robbery, Class B felonies, I.C. § 35-42-5-1; Count V, theft, a Class D felony, I.C. § 35-43-4-2; and Counts VI-XII, criminal confinement, Class B felonies, I.C. § 35-42-3-3.

We affirm in part, reverse in part, and remand to the trial court with instructions to 1) vacate two of the robbery convictions and sentences and resentence Whirl on only one count of robbery; and 2) enter judgments of conviction and sentences on Counts IX and X.

## ISSUES

Whirl raises two issues on appeal, and we address one: Whether a double jeopardy violation occurred.[1]

On Cross-Appeal, the State points out a double jeopardy violation with the three robbery convictions and argues that the trial court erred in failing to enter judgments of conviction and sentences for Counts IX and X.

## FACTS AND PROCEDURAL HISTORY

On May 24, 2011, twenty-six-year-old Whirl and Xavier Jones entered the Purdue Employees Federal Credit Union in Lafayette brandishing guns and wearing masks and

---

[1] Whirl also argues that the trial court erred in sentencing him. However, because we remand the case to the trial court for a vacation of convictions and resentencing, we need not address this issue.

hooded sweatshirts. The men went to the offices of loan officer Shelby Miller (Miller) and credit union manager Megan Brown (Brown), pointed guns in the women's faces, and ordered them to the lobby area of the credit union. One of the men pointed his gun around at people inside the credit union and ordered customers Robert Staley and Michael Preuss to throw their wallets to the floor. The wallets were not taken. At the same time, the other man pointed his gun at and took cash from credit union cashiers Maribella Ortiz, Megan Shoaf, and Sarah Roussarie. The men then ran from the credit union and fled in Whirl's vehicle. When police stopped the vehicle, Whirl fled on foot and was later apprehended.

On September1, 2011, the State filed an Information charging Whirl as follows:

Count 1 -   Conspiracy to Commit Robbery, a Class B felony;
Count 2 -   Robbery of credit union cashier Ortiz while armed with a deadly weapon, a Class B felony;
Count 3 -   Robbery of credit union cashier Shoaf while armed with a deadly weapon, a Class B felony;
Count 4 -   Robbery of credit union cashier Roussarie while armed with a deadly weapon, a Class B Felony;
Count 5 -   Theft, a Class D felony;
Count 6-    Criminal confinement of credit union cashier Ortiz while armed with a deadly weapon, a Class B felony.
Count 7 -   Criminal confinement of credit union cashier Shoaf while armed with a deadly weapon, a Class B felony;
Count 8 -   Criminal confinement of credit union cashier Roussarie while armed with a deadly weapon, a Class B felony;
Count 9 -   Criminal confinement of loan officer Miller while armed with a deadly weapon, a Class B felony;
Count 10 -  Criminal confinement of credit union manager Brown while armed with a deadly weapon, a Class B felony;
Count 11 -  Criminal confinement of customer Preuss while armed with a deadly weapon, a Class B felony;
Count 12 -  Criminal confinement of customer Staley while armed with a deadly weapon, a Class B felony.

In May 2012, Whirl pled guilty to all Counts without a plea agreement. On May 31, 2012, the trial court sentenced Whirl as follows:

> I'm not going to impose a sentence on [C]ount one because I believe that I should impose a sentence for the robbery rather than the conspiracy so I'll impose sentences of fifteen years on . . . [C]ounts two through five. . . . I'm not going to impose sentence [on Counts 6 through 10] because those confinements of the credit union employees are part of the robbery of the credit union. However, I think the confinements of the individuals within the credit union are separate crimes, [and] I'm gonna impose sentences of fifteen years on [Counts] eleven and twelve. Two through five are concurrent to each other. Eleven and twelve are concurrent to each other but consecutive to counts two through five for a total of thirty years to be served in the department of correction.

Transcript, p. 15.

Whirl now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

**APPEAL**

Whirl argues that his convictions for robbery and criminal confinement violate the constitutional ban against double jeopardy. Specifically, he claims that a double jeopardy violation occurred when the trial court convicted him of robbing the bank cashiers and confining the customers. However, a double jeopardy violation occurs when the State proceeds against a person twice for the same criminal transgression. *Johnson v. State*, 749 N.E.2d 1103, 1108 (Ind. 2001).

Our review of the evidence reveals that Whirl was convicted of robbing three credit union cashiers and confining two credit union customers. These were not the same offenses or criminal transgressions because each offense had a separate victim. *See*

4

*Vanzandt v. State*, 731 N.E.2d 450, 456 (Ind. Ct. App. 2000), *trans. denied.* Therefore, we conclude that Whirl's convictions for robbery and criminal confinement do not violate the prohibition against double jeopardy.[2]

## CROSS-APPEAL

On cross-appeal, the State points out that there is a double jeopardy violation with the three robbery convictions and argues that the trial court erred in failing to enter judgments of conviction and sentences on Counts IX and X. We address the double jeopardy violation because it implicates fundamental rights. *See Scott v. State*, 855 N.E.2d 1068, 1074 (Ind. Ct. App. 2006). Whirl was convicted of three counts of robbery as Class B felonies for robbing three different bank cashiers. However, under the "single larceny rule," there was only one offense. *See Taylor v. State*, 879 N.E.2d 1198, 1204 (Ind. Ct. App. 2008). Specifically, under the single larceny rule, when several articles of property are taken at the same time, from the same place, belonging to several persons or the same person, there is but a single larceny or offense. *Id.* The rationale behind this rule is that the taking of several articles at the same time from the same place is pursuant to a single intent and design. *Id.* Therefore, if only one offense has been committed, there may be only one judgment and one sentence. *Benberry v. State,* 742 N.E.2d 532,

---

[2] Whirl also appears to argue that a double jeopardy violation occurred when the trial court ordered consecutive sentencing for the confinement convictions of the credit union customers in Counts 11 and 12. However, our review of the sentencing order reveals that the trial court did not order consecutive sentences for Counts 11 and 12. Rather, the trial court ordered those two sentences to run concurrently to each other and consecutively to the fifteen-year concurrent sentence imposed for Counts two through five.

536 (Ind. Ct. App. 2001). Accordingly, we remand this case to the trial court with instructions to vacate two of Whirl's robbery convictions and sentences and resentence Whirl on only one count of robbery.

The State also argues the trial court erred in failing to enter judgments of conviction and sentences on Counts IX and X, which were the confinement charges involving loan officer Miller and manager Brown. The trial court correctly observed at the sentencing hearing that the "confinements of the individuals within the credit union are separate crimes," (Tr. p. 15), and should have entered judgments of conviction and sentences on both Counts. The State is generally precluded from raising such issues on cross-appeal in accordance with the restrictions that are set forth in Indiana code section 35-38-4-2. However, because we are vacating the two robbery convictions and sentences and remanding the case for resentencing on the remaining robbery Count, in the interest of judicial economy, we also instruct the trial court to enter judgments of conviction and sentences on Counts IX and X.

## CONCLUSION

Based on the foregoing, we conclude that a double jeopardy violation occurred when Whirl was convicted of and sentenced for all three robbery counts. We therefore remand the case to the trial court with instructions to vacate two of Whirl's robbery convictions and sentences and resentence Whirl on one count of robbery. We also instruct the trial court to enter judgments of conviction and sentences on Counts IX and X.

Affirmed in part, reversed in part, and remanded with instructions.

BAKER, J. and BARNES, J. concur